**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**PETER ABBADESSA,**

        Petitioner,

**v.**                                   **CIVIL ACTION NO.: 3:14-CV-88
(GROH)**

**RUSSELL PERDUE, Warden, Federal
Correctional Institution FCI-Gilmer and
U.S. ATTORNEY GENERAL,**

        Respondents.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull. ECF 6. On August 8, 2014, the *pro se* Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. This action was referred to Magistrate Judge Kaull for submission of an R&R by standing order. On August 5, 2014, Magistrate Judge Kaull filed his R&R. He recommends denying the § 2241 petition with prejudice. The Petitioner timely filed objections to the R&R.

### I. Standard of Review

Under 28 U.S.C. § 636(b)(1), this Court must make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Accordingly, the Court will review *de novo* those portions of the R&R to which the Petitioner objects and the remainder of the R&R for clear error.

## II. Discussion

The R&R recommends dismissing the petition as successive pursuant to 28 U.S.C. § 2244(a) because the Petitioner filed a § 2241 petition in the Southern District of Georgia, Abbadessa v. Haynes, Civil Action No. CV211-84, 2011 WL 6004295 (S.D. Ga. Nov. 30, 2011), that raised the same claims as the pending petition. In that case, a magistrate judge recommended denying the petition because the Petitioner's due process rights had not been violated. The district court adopted that recommendation and denied the petition.

The successive petitions rule of § 2244(a) provides that "a district court is not required to consider a habeas petition filed by a prisoner challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost after a full and fair litigation of his claim." Trice v. Reilly, Civil Action No. 5:08CV31, 2009 WL 514112, at *8 (N.D.W. Va. Mar. 2, 2009). This rule applies to § 2241 petitions. Id.; see also Gates v. Stansberry, Civil Action No. 1:07CV1212(LO/TCB), 2008 WL 2165998, at *3 (E.D. Va. May 23, 2008) aff'd, 298 F. App'x 249 (4th Cir.) (stating that "[t]he Second, Seventh and Ninth Circuits have held or noted in published opinions that § 2244(a) bars successive petitions under § 2241 directed to the same issue" and collecting cases). Indeed, in unpublished decisions, the Fourth Circuit has affirmed the dismissal of a § 2241 petition as successive. Trader v. United States, 191 F.3d 448, 1999 WL 700181, at *1 (4th Cir. 1999) (unpublished table decision) (affirming dismissal of § 2241 petition "as an unauthorized or successive motion under 28 U.S.C. § 2244(a)"); Gates v. Stansberry, 298

2

F. App'x 249, 250 2008 WL 4726256 (4th Cir. 2008) (unpublished table decision).

Here, the Petitioner does not dispute that his prior petition dealt with the same issues he now raises and that the district court reached that petition's merits. Rather, he discusses the substance of his petition, i.e., whether the Defendants violated his due process rights. Thus, because the prior district court disposed of the same issues now before the Court on the merits, § 2244(a) bars the instant petition as successive. Accordingly, the Court overrules the Petitioner's objections and denies the petition.

### III. Conclusion

Upon careful review of the record, the Court **OVERRULES** the Petitioner's Objections. It is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Court **DENIES** and **DISMISSES** the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to enter judgment in favor of the Respondents.

The Court further **DIRECTS** the Clerk to close this case and strike it from this Court's active docket.

The Clerk is directed to transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** March 30, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE