# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**PETER ABBADESSA,**

    Petitioner,

v.                                           **CIVIL ACTION NO.: 3:14-CV-88**
                                                 **(GROH)**

**RUSSELL PERDUE, Warden, Federal**
**Correctional Institution FCI-Gilmer and**
**U.S. ATTORNEY GENERAL,**

    Respondents.

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court for consideration of a letter filed by the *pro se* Petitioner on April 9, 2015. ECF 12. The Court construes this letter as a motion to reconsider its March 30, 2015 Order dismissing the Petitioner's 28 U.S.C. § 2241 petition for habeas corpus with prejudice because the letter asks the Court to review this case again "or point [him] to other avenues [he] can take to" regain the good conduct time at issue in his petition.

Federal Rule of Civil Procedure 59(e) authorizes a district court to alter, amend or vacate a prior judgment. A court may amend a judgment under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of the law or prevent manifest injustice. Gagliano v. Reliance Standard Life Ins. Co., 547 F. 3d 230, 241 n.8 (4th Cir. 2008). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."

Pac Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citations and quotation marks omitted).

Here, the Court dismissed the petition as successive because the Petitioner had filed a § 2241 petition in the Southern District of Georgia, Abbadessa v. Haynes, Civil Action No. CV211-84, 2011 WL 6004295 (S.D. Ga. Nov. 30, 2011), that raised the same claims as the pending petition and that court denied the petition after considering its merits. The Petitioner does not argue that the applicable law has changed, that new evidence has come to light, that the Court committed a legal error, or that amendment is needed to prevent manifest injustice. Instead, he simply asks the Court to review this case again. As noted, relitigation of old matters is not a basis for granting relief from a judgment. See Pac Ins. Co., 148 F.3d at 403. Finally, to the extent that the Petitioner asks the Court to direct him to other possible avenues for relief, the Court cannot so advise the Petitioner.

Accordingly, the Court **DENIES** the Motion for Reconsideration.

The Clerk is directed to transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** April 14, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE